**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SCOTT RICHARDS,

        Plaintiff,

v.

WARNER MEDIA LLC, including its
parent and successor in interest,
WARNER BROS. DISCOVERY,

        Defendant.

Case No. 1:23-cv-05587-JPB-CCB

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Warner Media, LLC ("Defendant" or "Warner Media"), by and

through undersigned counsel, hereby files its Answer and Affirmative Defenses and

Other Defenses to Plaintiff's Complaint as follows:

**RESPONSE TO "INTRODUCTION"**

Defendant admits that Plaintiff purports to bring this action under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but denies Plaintiff is entitled

to relief of any kind thereunder. Defendant denies all allegations of the first,

unnumbered paragraph of the Complaint.

**RESPONSE TO "THE PARTIES"**

1.    Defendant admits only that Warner Media, LLC is a Delaware

corporation with its principal place of business located at 30 Hudson Yards, New

York, New York 10001. Defendant further admits that it is registered to do business

in the state of Georgia, and its registered agent in Georgia is CT Corporation System, 289 S Culver Street, Lawrenceville, Georgia, 30046. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. The allegations of Paragraph 2 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, Defendant admits that Plaintiff was employed by Turner Services, Inc., providing services to WarnerMedia. Turner Services, Inc.'s principal place of business is 4000 Warner Blvd., Burbank, CA, 91522. Defendant further admits that Plaintiff was based in Defendant's Atlanta office located at 1050 Techwood Dr. NW, Atlanta, GA 30318. Defendant also admits that it had an office location at 1 CNN Center NW, Atlanta, GA 30303. All other allegations contained in Paragraph 2 of the Complaint are denied as stated.

3. Defendant admits only that in April 2022, the WarnerMedia business combined with the Discovery business, to create a global media and entertainment company, Warner Bros. Discovery, Inc. Warner Media, LLC is a wholly-owned subsidiary of Warner Bros. Discovery, Inc. All other allegations in this paragraph are denied.

4. The allegations in Paragraph 4 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required,

Defendant admits only that there are offices located at 1050 Techwood Drive NW, Atlanta, Georgia, 30318.

5. The allegations of Paragraph 5 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint. Defendant also denies that Warner Media, LLC and Warner Bros. Discovery, Inc. are the same legal entity.

6. Defendant admits that Warner Bros. Discovery, Inc. does not have a registered agent for service of process listed with the Georgia Secretary of State.

7. The allegations in Paragraph 7 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant admits that Warner Bros. Discovery, Inc.'s principal place of business is 230 Park Avenue South in New York, New York, 10003 and David Zaslav currently serves as CEO. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.    Defendant lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except to admit that Plaintiff worked for Defendant in Atlanta, Georgia.

### RESPONSE TO "JURISDICTION AND VENUE"

10.    The allegations in Paragraph 10 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.    The allegations in Paragraph 11 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant admits that Defendant has offices in Atlanta, Georgia and Plaintiff worked for Defendant in Atlanta, Georgia, and venue is proper in this Court and otherwise denies the remaining allegations set forth in Paragraph 11 of the Complaint.

## RESPONSE TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

12.    The allegations in Paragraph 12 of the Complaint that Plaintiff "filed a timely charge" constitute legal conclusions for which no response is required. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.    Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 12 of the Complaint for the full text of the document. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.    Defendant admits that a Notice of Right to Sue from the Equal Employment Opportunity Commission was issued, but lacks knowledge or information sufficient to form a belief about when Plaintiff received such notice. The remaining allegations in Paragraph 13 of the Complaint constitute legal conclusions for which no response is required.    However, if a response is required, Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    The allegations in Paragraph 14 of the Complaint constitute legal conclusions for which no response is required.    However, if a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

5

**RESPONSE TO ALLEGED "FACTS"**

15.    Defendant denies the allegations in Paragraph 15 of the Complaint, except to admit that Plaintiff provided services to Defendant from on or around April 28, 2014 through December 18, 2021.

16.    Defendant denies the allegations in Paragraph 16 of the Complaint, except to admit that Plaintiff's began his employment with Defendant as a Production Engineer on or around April 28, 2014.

17.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint, except to admit that Plaintiff's last job title while working for Defendant was Senior Broadcast IT Engineer.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations in Paragraph 20 of the Complaint.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint as it is unclear what "charge" is referenced, except to admit Mr. Netcher was a supervisor of Plaintiff.

22.    Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 22 of the

Complaint for the full text. Defendant otherwise denies the allegations contained in Paragraph 22 of the Complaint, except to admit that Plaintiff submitted a religious exemption request.

23. The allegations contained in Paragraph 23 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant admits that in March 2020, the World Health Organization characterized COVID-19 as a pandemic. All other allegations denied.

24. The allegations contained in Paragraph 24 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as alleged in Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as alleged in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a

response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as set forth in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as alleged in Paragraph 27 of the Complaint.

28. The allegations contained in Paragraph 28 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as alleged in Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as alleged in Paragraph 29 of the Complaint, except that "Operation Warp Speed" was conducted in an effort to develop a vaccine to COVID-19.

30. The allegations contained in Paragraph 30 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a

response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    The allegations contained in Paragraph 31 of the Complaint are not directed to Defendant, and therefore do not require a response.  However, if a response is required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    The allegations contained in Paragraph 32 of the Complaint are not directed to Defendant, and regardless, constitute legal conclusions, and therefore do not require a response.  However, if a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.    The allegations contained in Paragraph 33 of the Complaint are not directed to Defendant, and therefore do not require a response.  However, if a response is required, Defendant refers to the document referenced in Paragraph 33 of the Complaint for the full text.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.    The allegations contained in Paragraph 34 of the Complaint are not directed to Defendant except as to its relation to the Biden Administration, and

therefore do not require a response. To the extent any response is required, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 of the Complaint are not directed to Defendant, and therefore do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as set forth in Paragraph 35 of the Complaint.

36. The allegations contained in Paragraph 36 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint

37. The allegations contained in Paragraph 37 of the Complaint are not directed to Defendant, and therefore do not require a response. However, if a response is required, Defendant refers to the document referenced in Paragraph 37 of the Complaint for the full text. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint are not directed to Defendant, and therefore do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a

belief about the truth of how Plaintiff perceived the events as set forth in Paragraph 38 of the Complaint.

39.    The allegations contained in Paragraph 39 of the Complaint are not directed to Defendant, and therefore do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.    The allegations contained in Paragraph 40 of the Complaint are not directed to Defendant, and therefore do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as set forth in Paragraph 40 of the Complaint.

41.    The allegations contained in Paragraph 41 of the Complaint are not directed to Defendant, and therefore do not require a response.  However, if a response is required, Defendant refers to the documents referenced in Paragraph 41 of the Complaint for the full text.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.    No response is required to Paragraph 42 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent a response is required, Defendant denies any allegations that are directed

to Defendant.  Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as set forth in Paragraph 42 of the Complaint.

43.    The allegations contained in Paragraph 43 of the Complaint are not directed to Defendant, and therefore do not require a response.  However, if a response is required, Defendant refers to the document referenced in Paragraph 43 of the Complaint for the full text.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.    The allegations contained in Paragraph 44 of the Complaint are not directed to Defendant, and therefore do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as set forth in Paragraph 44 of the Complaint.

45.    The allegations contained in Paragraph 45 of the Complaint are not directed to Defendant, and therefore do not require a response.  However, if a response is required, Defendant denies any allegations that are directed to Warner Media.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.     Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 46 of the Complaint for the full text.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.     Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 47 of the Complaint for the full text of the document. Defendant otherwise denies the allegations set forth in Paragraph 47 of the complaint.

48.     Without admitting to the veracity or authenticity of the contents of the document Plaintiff quotes, Defendant refers to the document referenced in Paragraph 48 of the Complaint for the full text of the document, which speaks for itself. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the complaint.

49.     Without admitting to the veracity or authenticity of the contents of the document Plaintiff quotes, Defendant refers to the document referenced in Paragraph 49 of the Complaint for the full text of the document, which speaks for itself. Defendant otherwise denies the allegations set forth in Paragraph 49 of the complaint.

50.     No response is required to Paragraph 50 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. However, if a response is required, Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Without admitting to the veracity or authenticity of the contents of the document Plaintiff quotes, Defendant refers to the document referenced in Paragraph 51 of the Complaint for the full text of the document, which speaks for itself. Defendant admits that it offered employees the ability to request disability and/or religious accommodations to its vaccination policy. Defendant otherwise denies the allegations set forth in Paragraph 51 of the complaint.

52.     Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 52 of the Complaint for the full text of the document.  Defendant otherwise denies the allegations contained in Paragraph 52 of the Complaint, except to admit that Plaintiff submitted a religious exemption request on or around August 17, 2021.

53.     Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 53 of the Complaint for the full text of the document.  Defendant otherwise denies the allegations contained in Paragraph 53 of the Complaint, except to admit that the

quoted text was included in the religious exemption request Plaintiff submitted to Defendant.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint, except to admit that Plaintiff submitted a religious exemption request.

55.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations as set forth in Paragraph 56 of the Complaint, except to admit Defendant was in contact with Plaintiff with respect to his religious exemption request.

57.     Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the documents referenced in Paragraph 57 of the Complaint for the full text of the document. Defendant otherwise denies the allegations contained in Paragraph 57 of the Complaint.

58.     No response is required to Paragraph 58 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 58 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations as set forth in Paragraph 59 of the Complaint.

60.     The allegations in Paragraph 60 of the Complaint constitute legal conclusions for which no response is required.  However, if a response is required, Defendant denies the allegations as set forth in Paragraph 60 of the Complaint.

61.     Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff perceived the events as set forth in Paragraph 61 of the Complaint. Defendant otherwise denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the document referenced in Paragraph 63 of the Complaint for the full text of the document which speaks for itself.  Defendant otherwise denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 of the Complaint constitute legal conclusions for which no response is required.  However, if a response is required, Defendant denies the allegations as set forth in Paragraph 65 of the Complaint.

66.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint, except to admit that Plaintiff's office presence was necessary as part of his essential job duties.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint, except to admit that Mr. Netcher was permitted to work remotely for a period during the Pandemic.

69.    Defendant denies the allegations in Paragraph 69 of the Complaint, except to admit Plaintiff stated on his religious exemption request that he masked and social distanced while employed.

70.    Defendant refers to the document referenced in Paragraph 70 of the Complaint for the full text of the document which speaks for itself.  Defendant otherwise denies the allegations contained in Paragraph 70 of the Complaint.

71.    Defendant refers to the documents referenced in Paragraph 71 of the Complaint for the full text of the documents which speak for themselves.  Defendant otherwise denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant admits that Plaintiff's employment ended on December 18, 2021, and otherwise denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff has or does not have knowledge of as alleged in Paragraph 73 of the Complaint. Defendant otherwise denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff has or does not have knowledge of as alleged in Paragraph 74 of the Complaint. Defendant otherwise denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations as set forth in Paragraph 76 of the Complaint.

77. Defendant denies the allegations as set forth in Paragraph 77 of the Complaint.

78. Defendant denies the allegations as set forth in Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies the allegations as set forth in Paragraph 80 of the Complaint.

81.    Defendant denies the allegations as set forth in Paragraph 81 of the Complaint.

82.    No response is required to Paragraph 82 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83.    Defendant denies the allegations as set forth in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations as set forth in Paragraph 84 of the Complaint.

85.    The denies the allegations set forth in Paragraph 85 of the Complaint.

**CAUSES OF ACTION**

**RESPONSE TO ALLEGED "VIOLATIONS OF TITLE VII"**
**Religious Discrimination, Disparate Treatment, Hostile Work**
**Environment, Failure to Accommodate, and Retaliation**

86.    The allegations in Paragraph 86 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 86 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

87.     The allegations in Paragraph 87 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 87 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

88.     The allegations in Paragraph 88 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 88 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

89.     No response is required to Paragraph 89 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 89 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 89 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

90.     No response is required to Paragraph 90 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 90 of the Complaint constitute legal

conclusions for which no response is required. However, if a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff interpreted the events alleged in Paragraph 90 of the Complaint, but otherwise denies the allegations contained in Paragraph 90 of the Complaint.

91.     No response is required to Paragraph 91 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 91 of the Complaint constitute legal conclusions for which no response is required. In addition, the allegations contained in Paragraph 91 of the Complaint are not directed to Defendant, and therefore do not require a response. However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the authenticity or the contents of the documents referenced. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint.

92.     No response is required to Paragraph 92 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 92 of the Complaint constitute legal conclusions for which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     No response is required to Paragraph 93 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 93 are not directed to the Defendant and therefore, no response is required.  However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the authenticity or the contents of the documents referenced. Defendant otherwise denies the allegations set forth in Paragraph 93 of the Complaint.

94.     No response is required to Paragraph 94 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 94 are not directed to the Defendant and therefore, no response is required.  However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the authenticity or the contents of the documents referenced. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint.

95.     No response is required to Paragraph 95 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 95 are not directed to the Defendant and footnote 14 cited in the Complaint is blank and therefore, no response is required. However, to the extent a response is required, Defendant denies knowledge or

information sufficient to form a belief as to the authenticity or the contents of the documents and / or recorded public speech referenced, which speaks for itself. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint.

96.     No response is required to Paragraph 96 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 96 are not directed to the Defendant and therefore, no response is required.  However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint.

97.     No response is required to Paragraph 97 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 97 are not directed to the Defendant and therefore, no response is required.  However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     No response is required to Paragraph 99 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. Moreover, the allegations in Paragraph 99 are not directed to the Defendant and

therefore, no response is required.  However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the authenticity or the contents of the documents referenced. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint.

100.   No response is required to Paragraph 100 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. However, to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint.

101.   To the extent Paragraph 101 of the Complaint contains allegations as to Plaintiff's theories of liability which have been dismissed, no response is required. *See* Dkt. 23.  Moreover, the allegations contained in Paragraph 101 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 101 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

**RESPONSE TO "COUNT I."**
**ALLEGED DISCRIMINATION BECAUSE OF PLAINTIFF'S RELIGION**

102. Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 101 of the Complaint as though more fully set forth herein.

103. No response is required to Paragraph 103 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. The allegations contained in Paragraph 103 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. No response is required to Paragraph 104 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. No response is required to Paragraph 105 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. No response is required to Paragraph 106 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To

the extent any response is required, Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.   No response is required to Paragraph 107 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.   No response is required to Paragraph 108 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.   No response is required to Paragraph 109 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.   No response is required to Paragraph 110 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. The allegations contained in Paragraph 110 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.  No response is required to Paragraph 111 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.  No response is required to Paragraph 112 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 112 of the Complaint.

## RESPONSE TO "COUNT II"
## ALLEGED DISPARATE TREATMENT

113.  Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 112 of the Complaint as though more fully set forth herein.

114.  No response is required to Paragraph 114 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.  No response is required to Paragraph 115 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.   No response is required to Paragraph 116 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23, at p. 14.   To the extent any response is required, Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.   No response is required to Paragraph 117 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23.   To the extent any response is required, Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.   No response is required to Paragraph 118 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23.   To the extent any response is required, Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.   No response is required to Paragraph 119 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23.   To the extent any response is required, Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120.   No response is required to Paragraph 120 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23.   To the extent any response is required, Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.   No response is required to Paragraph 121 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.   No response is required to Paragraph 122 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.   No response is required to Paragraph 123 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 123 of the Complaint.[1]

124.   No response is required to Paragraph 124 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.   No response is required to Paragraph 125 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To

---

[1] There are two paragraphs numbered 123.  Defendant's Answer is intended to cover both the first and second paragraph numbered 123.  *See* Dkt. 1, at p. 28.

the extent any response is required, Defendant denies the allegations contained in Paragraph 125 of the Complaint.

## RESPONSE TO "COUNT III"
## ALLEGED HOSTILE WORK ENVIRONMENT

126. Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 125 of the Complaint as though more fully set forth herein.

127. No response is required to Paragraph 127 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant refers to the documents referenced in Paragraph 127 of the Complaint for the full text of the document, and otherwise denies the allegations contained in Paragraph 127 of the Complaint.

128. No response is required to Paragraph 128 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129. No response is required to Paragraph 129 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.   No response is required to Paragraph 130 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.   No response is required to Paragraph 131 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.   No response is required to Paragraph 132 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.   No response is required to Paragraph 133 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.   No response is required to Paragraph 134 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135. No response is required to Paragraph 135 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. No response is required to Paragraph 136 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. No response is required to Paragraph 137 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138. No response is required to Paragraph 138 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. However, if a response is required, Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139. No response is required to Paragraph 139 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed. *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.   No response is required to Paragraph 140 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.   No response is required to Paragraph 141 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.   No response is required to Paragraph 142 of the Complaint as Plaintiff's theory of liability based upon these allegations has been dismissed.  *See* Dkt. 23. To the extent any response is required, Defendant denies the allegations contained in Paragraph 142 of the Complaint.

**RESPONSE TO "COUNT IV"**
**ALLEGED FAILURE TO ACCOMMODATE PLAINTIFF'S RELIGIOUS BELIEFS/FAILURE TO HOLD INTERACTIVE DISCUSSION**

143.   Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 142 of the Complaint as though more fully set forth herein.

144. The allegations contained in Paragraph 144 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 144 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

145. The allegations contained in Paragraph 145 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant admits that Plaintiff purports to bring this action under Title VII as referenced in Paragraph 145 of the Complaint, but denies Plaintiff is entitled to relief of any kind thereunder.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147. The allegations contained in Paragraph 147 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. The allegations contained in Paragraph 148 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.   Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the documents referenced in Paragraph 149 of the Complaint for the full text of the document.   Defendant otherwise denies the allegations contained in Paragraph 149 of the Complaint, except to admit that Kristopher Williams responded to Plaintiff's religious exemption request.

150.   Without admitting to the veracity or authenticity of the contents of the document, Defendant refers to the documents referenced in Paragraph 150 of the Complaint for the full text of the document.

151.   Defendant denies the allegations in Paragraph 151 of the Complaint.

152.   The allegations contained in Paragraph 152 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.   Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.   The allegations contained in Paragraph 154 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant refers to the documents referenced in Paragraph 154 of the Complaint for a full text of the document.   Defendant otherwise denies the allegations contained in Paragraph 154 of the Complaint.

35

155. The allegations contained in Paragraph 155 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 155 of the Complaint, except to admit that Defendant's position statement was submitted to the EEOC before June 29, 2023.

156. The allegations contained in Paragraph 156 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157. The allegations contained in Paragraph 157 of the Complaint constitute legal conclusions to which no response is required. However, if a response is required, Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158. Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159. Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160. Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161.   Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162.   Defendant denies the allegations contained in Paragraph 162 of the Complaint, and denies Plaintiff is entitled to any relief of any kind under Title VII.

### RESPONSE TO "COUNT VI"
### ALLEGED RETALIATION

163.   Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 162 of the Complaint as though more fully set forth herein.

164.   To the extent Paragraph 164 of the Complaint contains allegations as to Plaintiff's theories of liability which have been dismissed, no response is required. *See* Dkt. 23.  However, if a response is required, Defendant denies the allegations contained in Paragraph 164 of the Complaint.

165.   Defendant denies the allegations contained in Paragraph 165 of the Complaint.

166.   Defendant denies the allegations contained in Paragraph 166 of the Complaint.

167.   Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168.   Defendant denies the allegations contained in Paragraph 168 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

In response to the unnumbered "WHEREFORE" clause that appears after Paragraph 168 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind, including the specific relief sought in the unnumbered "WHEREFORE" paragraph that appears after Paragraph 168 of Plaintiff's Complaint and the subparagraphs (a) through (e) therein. Defendant further denies that it committed any unlawful or wrongful act with respect to Plaintiff. Defendant denies the propriety of each and every prayer or request for relief, and Defendant requests that the Court deny the requested relief. Defendant acknowledges that Plaintiff has made a demand for trial by jury. Defendant also demands a jury trial.

## GENERAL DENIAL

Any allegations contained in Plaintiff's Complaint that Defendant did not specifically admit are expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby states the following affirmative and additional defenses to Plaintiff's Complaint as follows, but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiff's claims were not filed within the applicable statute of limitations, Plaintiff's claims are barred, in whole or in part.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff legally cannot establish the requisite elements of his claims.

## FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff legally cannot establish he had a sincere, religious belief in conflict with a condition of employment.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff legally cannot establish he was qualified for the employment position.

## SIXTH DEFENSE

Plaintiff's Claims are barred because his requested accommodation was not reasonable.

## SEVENTH DEFENSE

The accommodation sought by Plaintiff would impose an undue hardship on Defendant.

## EIGHTH DEFENSE

Plaintiff's claims are barred as Defendant engaged in the interactive process.

## NINTH DEFENSE

Plaintiff's claims are barred because requesting an accommodation for alleged religious beliefs is not a protected activity under Title VII.

## TENTH DEFENSE

Some or all of Plaintiff's claims fail because he did not engage in protected activity.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because no "but for" causal connection exists between any alleged protected activity engaged in by Plaintiff and any action or inaction taken by Defendant.

## TWELFTH DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred because no causal connection exists between any of Plaintiff's protected characteristics and any action or inaction taken by Defendant.

## THIRTEENTH DEFENSE

To the extent any employee or agent of Defendant acted contrary to Defendant's established policies or outside the scope of their employment with Defendant, Defendant is not liable for any alleged damage caused thereby.

Defendant never authorized, ratified, or condoned any of the unlawful conduct which Plaintiff alleges in the Complaint.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment was at-will and could be terminated at any time for any reason not specifically prohibited by state or federal law, and with or without cause.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel and/or waiver.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has committed no act or omission willfully or wantonly or with reckless indifference or intent to cause harm, injury, or other damage to Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to reasonably mitigate his alleged damages.

## EIGHTEENTH DEFENSE

Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) that Plaintiff did or could have earned through reasonable mitigation efforts or that he otherwise received to compensate him for his alleged injuries from other sources.

41

## NINETEENTH DEFENSE

Some or all of the remedies requested by Plaintiff may be barred by the doctrine of after-acquired evidence, to the extent such information is revealed during discovery.

## TWENTIETH DEFENSE

Plaintiff's punitive damages claims are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of punitive damages.  Defendant did not act with malice, willfully or with reckless disregard to Plaintiff's rights.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to punitive damages in accordance with *Kolstad v. American Dental Association*, 527 U.S. 526 (1999) because Defendant made good faith efforts to comply with applicable employment discrimination laws, and any acts in violation of the statutes were in contravention of Defendant's good faith efforts to comply.

## TWENTY-SECOND DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff's own conduct proximately caused his alleged injuries.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiff's claims are barred because the injuries or damages sustained by Plaintiff, if any, were caused by acts of third parties over whom Defendant had no control, nor right of control.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff's claims are duplicative, Plaintiff is not entitled to double recovery for any alleged injury.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer to add additional defenses or counterclaims which may become known during discovery or trial.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that:

(a)    The Court enter judgment in its favor and dismiss with prejudice all claims asserted against Defendant in this action;

(b)    The Court enter Judgment against Plaintiff in favor of Defendant for all costs and attorneys' fees incurred by Defendant in defense of this action;

(c)    The Court grant Defendant such other relief as the Court may deem just and proper; and

(d)    A trial by jury be held for any remaining issues of fact suitable for consideration by a jury.

Dated:     March 18, 2025

*/s/ Pierre-Joseph Noebes*

Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:     404.233.0330
Facsimile:     404.233.2361

Emily C. Haigh, *pro hac vice*
ehaigh@littler.com
LITTLER MENDELSON P.C.
900 Third Avenue
New York, NY  10022-3298
Telephone:     212.583.9600
Facsimile:     646-832.2719

Attorneys for Defendant
Warner Media LLC n/k/a Warner Bros.
Discovery, Inc.

44

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/ Pierre-Joseph Noebes*

Pierre-Joseph Noebes
Attorney for Defendant

45

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SCOTT RICHARDS,

      Plaintiff,

v.

WARNER MEDIA LLC, including its
parent and successor in interest,
WARNER BROS. DISCOVERY,

      Defendant.

Case No. 1:23-cv-05587-JPB-CCB

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2025, I electronically filed the foregoing

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AND OTHER**

**DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using

CM/ECF system which will send notification of such filing to the following:

Jeanne Bynum Hipes
Hipes Law LLC
2475 Northwinds Parkway, Suite 200
Alpharetta, GA 30009
counsel@hipeslaw.com

*Attorneys for Plaintiff*

/s/ *Pierre-Joseph Noebes*

Pierre-Joseph Noebes
Attorney for Defendant