IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCOTT RICHARDS,

        Plaintiff,

v.

WARNER MEDIA LLC, including its
parent and successor in interest,
WARNER BROS. DISCOVERY,

        Defendant.

Case No. 1:23-cv-05587-JPB-CCB

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.**    **Description of Case:**

    (a)    **Describe briefly the nature of this action.**

Plaintiff contends that Defendant failed to accommodate his request on religious grounds to be exempted from Defendant's vaccination requirement, and that he was retaliated against.

    (b)    **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

    (i) Plaintiff's Summary.

Plaintiff, Mr. Scott Richards, was a hard-working, loyal, and extremely competent employee who worked for Warner Media LLC and Turner Services, Inc. (collectively "Defendant") in the IT Department for over seven years, ultimately as a Senior Broadcast and IT Engineer. Defendant is a large employer with more than 500,000 employees globally. In 2020, after a global pandemic was declared by the

WHO, Defendant implemented a COVID-19 vaccine policy requiring all the employees in Plaintiff's department to be vaccinated with the experimental Covid Vaccine or they would be prohibited from coming onto or working on Defendant's premises. Defendant stated that exceptions would be considered for medical or religious reasons.  Mr. Richards is a sincere,  Bible-believing Christian, and the sole provider for his wife and three young children. Plaintiff notified HR that he believes Defendant's Vaccine Mandate was unconstitutional and a denial of his civil rights. Plaintiff requested an exemption to the Vaccine Mandate because his religious belief system prohibited ingesting anything developed or tested using aborted fetal cells or interfering with his God-designed immune system.  Plaintiff was harassed and treated differently by colleagues who knew his unvaccinated status was due to his religious beliefs.  After notifying HR of this situation and submitting his Request for an exemption, he waited in agonizing uncertainty for nearly three months before finally hearing from HR that his Request for an exemption from the Vaccine had been denied.  HR alleged that its decision, which was made with no interactive discussion with Plaintiff about potential ways his beliefs could be safely accommodated, was based on its conclusion that Plaintiff could not do his job fully remotely.  He had for 18 months prior to this been doing his job almost entirely remotely, and on the rare times he had to be on-premises, it was at night, when few were around, and safety protocols instituted prior to the Vaccine's development had

2

been 100% effective. When Plaintiff advised that a comparator colleague with the same skill set had agreed to take over his occasional on-premises night work so Plaintiff's job could be done entirely remotely, his supervisor refused to allow it— thereby condemning Plaintiff to a devastating job loss and loss of his planned, long-term Warner career.  Others similarly situated in sister departments were allowed to choose to work their jobs on an entirely remote basis, but Plaintiff was not permitted to do so.  Instead, he was told he could try to find another job.  Although, using the inhouse job posting link available to all employees, Plaintiff  diligently tried to find another job that did not require him to be vaccinated, none were available and Defendant declined to alter any jobs or otherwise to allow him to continue working without vaccination.  Further, as earlier explained, Defendant declined to allow another qualified employee to cover for the few times he was needed onsite.  After denying his accommodation requests, Defendant gave him two weeks to get the vaccine.  If he failed to submit to the experimental vaccine injection in that time period,  within the next four weeks his job would be posted and thereafter he would not be permitted to work with Defendant anymore.  Defendant at no time offered him an accommodation that would permit him to continue to work, even though such an accommodation was possible and would have caused Defendant no undue hardship.

(ii) Defendant's Summary.

3

In July of 2021, Warner Media announced that August 2 was set as its return to office date in Atlanta, after having been shut down for all non-essential employees since the beginning of the pandemic in mid-March 2020. With the return to the office, a new vaccine mandate policy was implemented which required employees to be fully vaccinated to return to the office.

In August of 2021, Plaintiff submitted a request for an exemption from the vaccination policy, based on his religion. That exemption request was ultimately denied.

Plaintiff was then given two weeks of paid leave to transition his work. He was also advised that he was welcome to apply for any open roles for which he was qualified that may be performed remotely or that can be accommodated without presenting an undue hardship operationally. He was also provided with a direct link to Warner Media's internal job postings for all open positions within the Company.

He was then given an additional four weeks of paid leave. Plaintiff took the opportunity offered by the Company and applied for several fully remote positions. He was not ultimately selected as the best candidate for those positions. His employment was then terminated, effective December 18, 2021.

    (c)    **The legal issues to be tried are as follows:**

        (1)    whether Defendant violated Plaintiff's rights under Title VII by failing to accommodate his sincere religious beliefs;

(2)    whether he was retaliated against for his religious beliefs, or for protected speech and conduct based on his religious beliefs, in violation of Title VII.

(3)    Damages Plaintiff suffered for Defendant's violations of Title VII, if any.

(d)    **The cases listed below (include both style and action number) are:**

(1)    **Pending Related Cases:**  None known.

(2)    **Previously Adjudicated Related Cases:** None known.

2.    **This case is complex because it possesses one or more of the features listed below (please check):**  None known.

_____   **(1)   Unusually large number of parties**
_____   **(2)   Unusually large number of claims or defenses**
_____   **(3)   Factual issues are exceptionally complex**
_____   **(4)   Greater than normal volume of evidence**
_____   **(5)   Extended discovery period is needed**
_____   **(6)   Problems locating or preserving evidence**
_____   **(7)   Pending parallel investigations or action by government**
_____   **(8)   Multiple use of experts**
_____   **(9)   Need for discovery outside United States boundaries**
_____   **(10) Existence of highly technical issues and proof**
_____   **(11) Unusually complex discovery of electronically stored information**

3.    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:    Jeanne Bynum Hipes, Esq.
Georgia Bar No. 100575
Counsel@hipeslaw.com

Hipes Law LLC
2475 Northwinds Parkway, Suite 200
Alpharetta, GA  30009
Main:  (678) 867-7006
Fax:    (770) 783-5010

Defendant:   Kurt Peterson, Esq.
Georgia Bar No. 574408
kpeterson@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E. Suite 1200
Atlanta, GA 30326.1127
Phone: 404.233.0330
Fax: 404.233.2361

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**_____Yes   X_____No**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)   **The following persons are necessary parties who have not been joined:**
None known.

(b)   **The following persons are improperly joined as parties:**
None.

(c)   **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

WARNER MEDIA, LLC, a wholly-owned subsidiary of WARNER BROS. DISCOVERY, INC.

Consequently, Defendants should henceforth be listed as:

WARNER MEDIA, LLC, a wholly-owned subsidiary of WARNER BROS. DISCOVERY, INC., and WARNER BROS. DISCOVERY, INC.

(d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or <u>errors in the statement of a party's name.</u>**

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) **List separately any amendments to the pleadings that the parties anticipate will be necessary:** Plaintiff may amend how the Defendant is listed to make clear that both Warner Bros. Discovery, Inc. and its wholly-owned subsidiary, Warner Media LLC, are both Defendants.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after**

7

the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    (a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b)    *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

Given that the deadline to submit this Report was extended through May 1, the Parties propose that they have through May 16 to serve their initial disclosures. The Parties do not believe that this proposed deadline will delay discovery or any other related deadline.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.** Not at this time.

**10.   Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

1. Plaintiff's factual allegations supporting his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e17;
2. Defendant's liability.
3. Defendant's defenses.
4. Damages Plaintiff suffered.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties agree to a 4-month discovery period. If necessary, the parties may seek an extension of time and will confer regarding same. Plaintiff notes that his counsel submitted on January 9, 2025 a Request for Leave of Absence (Doc 16)  for planned trips out of the country and May 23, 27-30 & June 2-6, 2025.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

    **(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations**

**should be imposed?**  None known.

(b)   **Is any party seeking discovery of electronically stored information?**

X  **Yes**                    ____**No**

If "yes,"

(1)   **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to exchange discovery electronically, including via email.

The parties further agree to work together to produce electronically-stored information in the most useful, cost-effective, and efficient manner available. The parties agree to meet and confer to discuss the discovery of ESI in greater detail should either party request ESI, including the following issues, if necessary: (a) collection, search, and review methodologies, including custodians and date limitations for ESI; (b) timing for production; (c) cost-allocation under Rule 26(c)(1((B) related to the preservation, harvesting, processing, review, and production of ESI requested by a party to meet the proportionality mandates of Rule 26(b)(1); and/or (d) the need to preserve and search sources of ESI that any party identifies as not reasonably accessible pursuant to Rule 26(b)(2)(B).

(2)   **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to work together to produce electronically stored information in the most useful, cost-effective, and efficient manner available.

10

Documents and ESI should initially be produced in PDF format, with Bates labels affixed to each page of each document. If another format is requested or required, the parties will work together in good faith to determine a suitable alternate format for production.  Originals of documents and metadata of electronically stored information should be preserved by both parties but need not be produced unless there is a dispute about a particular document.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties may seek a Consent Protective Order to govern the exchange of confidential information in this litigation.

Plaintiff seeks clarity on the appropriate Defendant(s) as detailed in section 5.c above.

**13.   Settlement Potential:**

(a)   **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** April 3, 2025, **and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):** /s/ Jeanne Bynum Hipes

**Other participants:**

**For defendant: Lead counsel (signature)**:  /s/ Kurt Peterson

**Other participants:**

(b)    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(_) A possibility of settlement before discovery.**
**( x ) A possibility of settlement after discovery.**
**(_) A possibility of settlement, but a conference with the judge is needed.**
**(  ) No possibility of settlement.**

(c)    **Counsel ( x ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>not yet determined.</u>**

(d)    **The following specific problems have created a hindrance to settlement of this case.**

N/A

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    **The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 202_.**

(b)    **The parties ( x ) <u>*do not*</u> consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 30th day of April, 2025.

*CONSENT TO BY:*

| | |
|---|---|
| */s/ Jeanne Bynum Hipes* | */s/ Kurt Peterson* |
| Jeanne Bynum Hipes, Bar No. 100575 | Kurt Peterson, Bar No. 574408 |
| counsel@hipeslaw.com | kpeterson@littler.com |
| HIPES LAW, LLC | LITTLER MENDELSON, P.C. |
| 2475 Northwinds Parkway, Suite 200 | 3424 Peachtree Road N.E. |
| Alpharetta, GA  30009 | Suite 1200 |
| Telephone:       678.867.7006 | Atlanta, GA  30326.1127 |
| Facsimile:       770.783.5010 | Telephone:       404.233.0330 |
| | Facsimile:       404.233.2361 |
| Attorney for Plaintiff | |
| | Attorneys for Defendant Warner Media |
| | LLC n/k/a Warner Bros. Discovery, Inc. |

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____ 20
_____.

_____

13

UNITED STATES DISTRICT JUDGE

14