**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SCOTT RICHARDS,

    **Plaintiff,**

    **v.**

WARNER MEDIA LLC, a/k/a
WARNER BROS. DISCOVERY,

    **Defendant.**

**CIVIL ACTION NO.
1:23-CV-5587-JPB-CCB**

### MAGISTRATE JUDGE'S SCHEDULING ORDER

On April 30, 2025, the parties[1] filed their joint preliminary report and discovery plan. (Doc. 28). The time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the joint preliminary report and discovery plan and the Local Rules of this Court. This case is on a four-month discovery track, meaning that discovery will close on **August 15, 2025**. *See* LR 26.2(A), NDGa. The parties shall file motions

---

[1] The parties note that Defendant Warner Media LLC should be identified as Warner Media, LLC, a wholly-owned subsidiary of Warner Bros. Discovery, Inc., and that Warner Bros. Discovery, Inc. should also be a Defendant in the case. (Doc. 28 at 7). The parties further state that Plaintiff may amend the complaint to make it clear that both Warner Media, LLC, and Warner Bros. Discovery, Inc. are Defendants in this case. *Id.*

for summary judgment by **September 15, 2025**. The Court will enter a separate order containing additional guidelines that will govern summary judgment briefs.

## 1. Contacting Chambers

Courtroom deputy clerk James Jarvis is your principal point of contact for administrative matters relating to this case. Neither the parties nor their counsel should discuss the merits of the case with Mr. Jarvis or with any of the Court's law clerks. Mr. Jarvis can be reached by email at James_Jarvis@gand.uscourts.gov or by phone at (404) 215-1330.

## 2. Courtesy Copies for Chambers

Except for emergency motions filed under LR 7.2(B), NDGa, or a specific request from the Court, the parties need not provide Chambers with an additional paper copy of any filing. The Court automatically receives an electronic copy of all filed materials, and that electronic copy is sufficient absent a specific request.

## 3. Discovery

The Court encourages the parties to communicate with one another to facilitate discovery and resolve discovery disputes. Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court. *See* Fed. R. Civ. P. 26(c) and 37; LR 37.1(A), NDGa. The duty to confer is not satisfied by sending a written document, such as a letter

2

or email, to the adversary, unless repeated attempts to confer by telephone or in person are unsuccessful due to the conduct of the adversary. If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's courtroom deputy. The Court may then schedule a conference call to attempt to resolve the matter, without the need for a formal motion. If the differences cannot be resolved during the conference, the Court will direct further proceedings.

### 4.  Requests for Protective Orders and/or Motions to Seal

The Court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal with the Clerk. As a general matter, the Court will seal only those items enumerated in the Court's Standing Order 04–02 regarding sensitive information and public access to electronic case files. A party seeking to file a document under seal must follow the rules and procedures set forth in Appendix H to the Local Rules. Detailed procedures for electronic filing under seal in civil cases are available at http://www.gand.uscourts.gov/cv-sealed-procedures.

### 5.  Non-Dispositive Motions

Prior to filing any non-dispositive motion, a party must contact the non-moving party or parties to determine whether any party opposes the motion. The

3

moving party must then state in the motion whether the non-moving party or parties opposes the motion and, if so, the grounds the non-moving party states for the opposition. No motion will be granted that does not include such a statement of the non-moving party's position or a statement that the moving party has attempted in good faith to obtain the non-moving party's position but has been unable to do so.

### 6. Settlement

The Court offers the services of its Magistrate Judges to mediate cases, at no cost, upon request. Should the parties agree at any point in the case that settlement discussions are likely to benefit from such mediation, they should file a joint motion asking the Court to stay all deadlines and to refer the case to mediation.

### 7. Consolidated Pretrial Order

Pursuant to Local Rule 16.4, the parties must file a proposed pretrial order no later than 30 days after the close of discovery, or entry of the court's ruling on any motions for summary judgment, whichever is later. *See* LR 16.4, NDGa. The Court extends the deadline for filing a proposed consolidated pretrial order until 40 days after the close of the discovery period, or, in the event that any party files a motion for summary judgment, until 30 days after the Court's final ruling on all pending motions for summary judgment, whichever is later.

**IT IS SO ORDERED**, this 1st day of May, 2025.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE